UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles W. Ries,

        Plaintiff,

v.                                                     No. 12-cv-1670 (JNE)
                                                        ORDER

Operation Bass, Inc.,

        Defendant.

---

This adversary proceeding was initiated in the United States Bankruptcy Court for the District of Minnesota by a bankruptcy trustee asserting claims for fraudulent transfer under state and federal law, preference under 11 U.S.C. §§ 547(b) and 550(a), and disallowance under 11 U.S.C. § 502(d). *See* ECF No. 1-1. Defendant demanded a jury trial and withheld its consent to trial of the matter by the Bankruptcy Court. The Bankruptcy Court therefore ordered that the adversary proceeding be transferred to the District Court pursuant to Local Rule 5011-3(a).[1] *See* ECF No. 1-18. On its own initiative, the Court remands this case to the Bankruptcy Court.

The transfer to the District Court is premature at this early stage in the adversary proceeding. The interests of judicial economy are best served by returning the proceeding to the Bankruptcy Court to utilize that court's expertise until the proceeding is ready for trial. *See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787-88 (9th Cir. 2007) (collecting cases and finding a defendant's Seventh Amendment right to a jury trial in

---

[1]     Local Rule 5011-3(a) states in relevant part:
        On the [bankruptcy] judge's own initiative or on motion of a party
        in interest, the bankruptcy judge shall transfer to the district court:
        (1) any proceeding in which the court has determined that there is a
        right to trial by jury of the issues for which a jury has been timely
        demanded, and the parties have not consented to the bankruptcy
        judge conducting the jury trial.

district court does not require immediate transfer of the proceeding to the district court, and the bankruptcy court's retention of the proceeding until it is trial-ready promotes judicial economy by utilizing the bankruptcy court's specialized knowledge of Title 11 actions); *Kelley v. Hofer (In re Petters Co., Inc.)*, 440 B.R. 805, 810 (Bankr. D. Minn. 2010) (stating the bankruptcy court's retention of the proceeding for pre-trial matters "make[s] best use of the specialized expertise of the bankruptcy judiciary"). Further, Defendant's Seventh Amendment right to a jury trial is not abridged in any way by the Bankruptcy Court hearing and deciding pretrial matters. *See Healthcentral.com*, 504 F.3d at 787 (finding a bankruptcy court's pre-trial management of discovery matters and even decisions on dispositive motions "would not affect a party's Seventh Amendment *right* to a jury trial").

Accordingly, IT IS HEREBY ORDERED THAT this case is remanded to the Bankruptcy Court until the proceeding is ready for trial.

Dated:  August 2, 2012

 s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge